[Crim. No. 10739. Third Dist. Dec. 22, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE JOSEPH MERCER, Defendant and Appellant.

COUNSEL

Rufino S. Diaz, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Diana Beth Constantino, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CARR, J.**—In a trial by court, Lawrence Joseph Mercer was convicted of drawing or exhibiting a firearm in a rude, angry, or threatening manner in the immediate presence of a peace officer who was then engaged in the performance of his duties (Pen. Code, § 417, subd. (b)). He was granted probation and appeals, contending the evidence is insufficient to support the conviction.

The facts disclose that at approximately 8 p.m., on August 9, 1979, California Highway Patrol Officer Walter Alexander observed defen-

dant speeding on State Route 20. Officer Alexander followed defendant to the Tarke Brother's warehouse where defendant was employed as a night watchman. As defendant was exiting his vehicle, the officer approached him and saw he was wearing a small caliber automatic weapon in a holster on his left hip in a "cross-draw" fashion. The butt of the gun was facing the officer and he could see that it did not contain a clip.

Defendant repeatedly walked away from Officer Alexander. At one point, when defendant walked some 50-60 feet distant, the officer radioed for a backup unit. When defendant was returning, Officer Alexander noticed there was now a clip in the gun. He told defendant to stop and asked if the gun was loaded. Defendant, according to the officer's testimony, "stopped, placed his feet slightly apart, went into a stance as though he may draw the weapon and advised that if I wanted to know, to come and find out." While in this stance defendant's right arm was slightly elevated, bent at the elbow, with his hand open, fingers slightly spread and about six to seven inches from his right stomach area. Officer Alexander told defendant to give him the weapon; defendant refused and said that if the officer wanted the weapon he "had to come and take it." Officer Alexander warned defendant not to draw the weapon and the two stood facing each other, 40-45 feet apart, for about a minute to a minute-and-a-half.

Defendant finally informed the officer that he was a night watchman at the warehouse, that he had some things to do and wanted to go do them. The officer told him that he could do whatever he had to do so long as he remained in sight and returned in a few minutes to sign the citation. Defendant left and went about his chores. In the meantime, the backup unit arrived and defendant was taken into custody.

At trial, defendant testified he walked away from the officer more than once because that is what the mental health counselor had told him to do to cool off. He denied assuming a gunfighter stance and claimed that he put the clip in the weapon because of snakes, rats and skunks which inhabited the area. He also denied having any intention of drawing his gun.

Defendant's attack on the sufficiency of the evidence relates only to that portion of the statute prohibiting the drawing or exhibiting of a

firearm in a rude, angry, or threatening manner.[1] ■ The test on appeal to a challenge of the sufficiency of the evidence is whether there is substantial evidence to support the conclusion of the trier of fact. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 575-578 [162 Cal.Rptr. 431, 606 P.2d 738].)

When the evidence shows the weapon was exhibited in a rude, angry or threatening manner, the offense is complete. (See *People* v. *Norton* (1978) 80 Cal.App.3d Supp. 14 [146 Cal.Rptr. 343].) ■ Here, the trier of fact could, and did, reasonably conclude that defendant's having assumed what can only be described as a classical gunfighter's stance, coupled with his refusal to turn over his weapon to the officer at the latter's request and his statement that if the officer wanted the gun he could come and get it, constitutes substantial evidence supporting the conviction.

The judgment is affirmed.

Puglia, P. J., and Paras, J., concurred.

---

[1]Penal Code section 417, subdivision (b) provides: "Every person who, in the immediate presence of a peace officer, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry or threatening manner, and who knows or reasonably should know that such victim is a peace officer engaged in the performance of his duties, and such peace officer is engaged in the performance of his duties is guilty of a felony punishable by imprisonment in the county jail not to exceed one year, or in the state prison.

"As used in this section, 'peace officers' refers to any person designated as a peace officer by Section 830.1, subdivisions (a) to (e), inclusive, of Section 830.2, and Section 830.5."